IN THE CIRCUIT COURT FOR THE 5TH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

CASE NO.:

CHADDRICE WHITE

    Plaintiff,

v.

AUTOZONERS, LLC,
a foreign limited liability company,

    Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, CHADDRICE WHITE (hereinafter referred to as "White" or "Plaintiff"), by and through his undersigned counsel, hereby files this complaint against Defendant, AUTOZONERS LLC (hereinafter, "AutoZone" or "Defendant"), a foreign limited liability company, and as grounds therefore alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action for damages in excess of $30,000, but less than $75,000, based on discrimination in the workplace pursuant to the Florida Civil Rights Act, Fla. Stat. §760.01, et seq. ("FCRA"), 42 U.S.C. §1981, §1981(a), et seq. ("Section 1981"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. ("Title VII").

2. At all times material hereto, Plaintiff was a resident of Marion County, Florida.

3. Defendant AutoZone has a principal place of business at 123 S. Front Street, Memphis, Tennessee 38103.

4. At all times material hereto, Defendant employed Plaintiff at their location at 3321 NW 35th Avenue, Ocala, FL, 34475.

5. The Court has jurisdiction over this matter pursuant to Fla. Stat. §48.193.

6. Venue is proper in this district because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in Marion County, Florida.

7. Plaintiff is an individual protected by the FCRA, Section 1981, and Title VII.

8. Defendant is an employer as that term is defined in the FCRA and Title VII.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff filed a Charge of Discrimination ("Charge") with EEOC on February 18, 2022. A true and correct copy of that Charge is enclosed as Exhibit 1 to this Complaint.

10. More than 180 days have passed since Plaintiff filed his Charge.

11. Plaintiff has exhausted his administrative remedies prior to filing this Complaint.

## COMMON ALLEGATIONS

12. Plaintiff is a forty-two-year-old Black man.

13. Plaintiff began working for Defendant on June 4, 2019, as an inbound receiver.

14. On or around March 2020, Defendant promoted Plaintiff to a position of outbounds shipping advisor.

15. On or around October 2020, Defendant placed Plaintiff under the supervision of John Paul Gibson.

16. By placing Plaintiff under the supervision of Gibson, Defendant subjected Plaintiff to racial discrimination in the form of Gibson's treatment of Plaintiff as compared white employees.

17. While supervised by Gibson, Plaintiff experienced multiple instances of discrimination, including, but not limited to the following examples:

    a. Gibson's use of slurs towards Plaintiff to demean and bully Plaintiff.

    b. Gibson allowing white coworkers additional support in the form of more employees to complete their loading tasks. This led to an expectation that Plaintiff be able to complete more responsibilities than his coworkers with less support.

    c. Gibson approving Plaintiff's use of paid time off, and then openly questioning his use of that time off.

    d. Gibson commenting to Plaintiff that he preferred working with white employees who were smart like him.

    e. Gibson complaining about Plaintiff attending a Baptist Church and commenting that Plaintiff is in service all day on Sundays.

18. Overall, the treatment by Gibson led Plaintiff to realize that Gibson would attempt to find something wrong in everything that Plaintiff did at work. Plaintiff did not observe Gibson treating white employees in this way.

19. Defendant was aware of this discriminatory treatment by Gibson towards Plaintiff, as well as towards other AutoZone employees.

20. At one point, Gibson remarked to Plaintiff about the multiple times HR investigated Gibson, meaning that there was nothing Plaintiff could do about his treatment.

21. Plaintiff attempted to report this treatment to his warehouse manager, Scott Breedlove, but no action was taken.

22. After Plaintiff made this complaint to Breedlove, Gibson's discrimination came to a head as he retaliated against Plaintiff by terminating his employment.

23. On May 14, 2021, Gibson called Plaintiff into his office and presented a Corrective Action Report (CAR) that was backdated approximately five months to December 27, 2020.

24. At first, Plaintiff refused to sign this backdated CAR, which upset Gibson.

25. Under duress, Plaintiff gave in and signed the backdated CAR.

26. Almost immediately, Gibson then presented a second CAR to Plaintiff that stated he was terminated effective immediately.

27. In response, Plaintiff scratched out his signature on the backdated CAR and refused to sign the termination CAR.

28. On May 28, 2021, Plaintiff sent an email to Defendant's leadership to chronicle his experience as laid out above.

29. Defendant took no action in response to this correspondence, cementing Plaintiff's termination and confirming Defendant's position that it would continue to take no action against Gibson.

## COUNT I – DISCRIMINATION
## IN VIOLATION OF FLORIDA CIVIL RIGHTS ACT § 760

Plaintiff alleges and incorporates the preceding counts of paragraphs 1 through 29 as if fully set forth herein.

30. Plaintiff is a Black male.

31. Plaintiff contends Defendant engaged in discriminatory conduct on the basis of his race.

32. Defendant is an employer as defined in the FCRA, Fla. Stat. § 760.01(7).

33. Defendant employs fifteen or more employees each working day as part of its operation.

34. Defendant has a policy, pattern, and practice of allowing harassing, discriminatory treatment of Black employees.

35. During Plaintiff's employment, he experienced discrimination including but not limited to:

    a. Gibson allowing white coworkers additional support in the form of more employees to complete their loading tasks. This led to an expectation that Plaintiff be able to complete more responsibilities than his coworkers with less support.

    b. Gibson approving Plaintiff's use of paid time off, and then openly questioning his use of that time off.

    c. Gibson commenting to Plaintiff that he preferred working with white employees who were smart like him.

    d. Gibson complaining about Plaintiff attending a Baptist Church and commenting that Plaintiff is in service all day on Sundays.

    e. Gibson terminating Plaintiff.

36. These and other policies and practices were discriminatorily motivated.

37. As a result of the discriminatory treatment and Defendant's failure to redress the environment, Plaintiff filed a Charge with the FCHR and the EEOC.

38. Defendant knew or should have known that Plaintiff was being discriminated against and being treated differently and more harshly than white employees by Defendant and its agents, employees and/or representatives.

39. By and through the conduct described above, Defendant permitted a pattern and practice of unlawful race discrimination by permitting Plaintiff to be subjected to continuing

discriminatory treatment on the basis of race in violation of the FCRA.

40. Plaintiff is informed and believes and based thereon alleges, that in addition to the practices enumerated above, Defendant may have engaged in other discriminatory practices which are not yet fully known. At such time as the discriminatory practices become known, Plaintiff will seek leave of court to amend the Complaint in this regard.

41. Plaintiff suffered discriminatory treatment including but not limited to termination.

42. Plaintiff has suffered general and compensatory damages as a result of Defendant's conduct, by and through its agents, employees and/or representatives.

43. Plaintiff's damages include compensatory damages for wage loss, front pay, back pay, pain and suffering, humiliation, loss of opportunities and the like, as a result of the Defendant's conduct, by and through its agents, employees and/or representatives.

44. Plaintiff further seeks statutorily provided punitive damages for the Defendant's intentional and/or reckless disregard of Plaintiff's rights under the FCRA.

45. As a further result of Defendant's conduct, Plaintiff has retained the undersigned law firm as his counsel. As a further and direct proximate result of the Defendant's violation of Florida Statute 760, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with the Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.

46. Plaintiff requests that he be awarded reasonable attorney's fees and costs of suit pursuant to Florida Statute §760.11(5).

47. Plaintiff has exhausted his administrative remedies as it relates to this cause of action in that Plaintiff has filed a charge of discrimination and more than one-hundred and eighty days have transpired.  (See Exhibit 1).

WHEREFORE, Plaintiff prays that judgment be entered in his favor against the Defendant as follows: That Plaintiff be awarded general damages, compensatory damages, punitive damages, and prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs pursuant to the FCRA; and, that Plaintiff be awarded such other relief as the Court deems just and proper.

## COUNT II – RETALIATION
## IN VIOLATION OF FLORIDA CIVIL RIGHTS ACT § 760

Plaintiff alleges and incorporates the preceding counts of paragraphs 1 through 29 as if fully set forth herein.

48. As a result of Plaintiff's complaints of race discrimination, he was subjected to adverse employment action including, but not limited to, his termination.

49. Plaintiff contends that his complaints of discrimination and his charge of discrimination constitute protected activities under Florida Statute §760.

50. Plaintiff contends that he was subjected to such adverse employment treatment as a result of and in retaliation for engaging in his complaints.

51. Plaintiff exhausted all administrative remedies prior to bringing this lawsuit.

52. By and through the conduct described above, Defendant permitted a pattern and practice of unlawful retaliation in violation of Florida Statute §760.

53. Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant may have engaged in other retaliatory practices

against him which are not yet fully known. At such time as such retaliatory practices become known, Plaintiff will seek leave of Court to amend this Complaint in that regard.

54. Plaintiff suffered damages as a result of Defendant's conduct, by and through its agents, employees, and/or representatives.

55. Plaintiff's damages include compensatory damages for wage loss, front pay, back pay, pain and suffering, humiliation, loss of opportunities and the like, as a result of the Defendant's conduct, by and through its agents, employees and/or representatives.

56. As a further and direct proximate result of the Defendant's violation of Florida Statute 760, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with the Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.

57. Plaintiff requests that his attorney's fees be awarded pursuant to Florida Statute §760.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the Defendant as follows:  That Plaintiff be awarded general and compensatory damages, and prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to Florida Civil Rights Act and Florida Statute §760; and that Plaintiff be awarded such other and further relief as the Court deems just and proper.

## COUNT III – DISCRIMINATION
## IN VIOLATION OF SECTION 1981, 42 U.S.C 1981,1981(A)

Plaintiff alleges and incorporates the preceding counts of paragraphs 1 through 29 as if fully set forth herein.

58. Defendant engaged in racially discriminatory conduct towards Plaintiff such that he was deprived of his civil rights.

59. Defendant is an employer within the meaning of 42 U.S.C. §1981.

60. Plaintiff is a Black male, subject to the protections of 42 U.S.C. §1981.

61. Plaintiff was subject to adverse employment treatment including:

    a. Gibson allowing white coworkers additional support in the form of more employees to complete their loading tasks. This led to an expectation that Plaintiff be able to complete more responsibilities than his coworkers with less support.

    b. Gibson approving Plaintiff's use of paid time off, and then openly questioning his use of that time off.

    c. Gibson commenting to Plaintiff that he preferred working with white employees who were smart like him.

    d. Gibson complaining about Plaintiff attending a Baptist Church and commenting that Plaintiff is in service all day on Sundays.

    e. Gibson terminating Plaintiff.

62. By and through the conduct described above, Defendant permitted a pattern and practice of unlawful discrimination by allowing Plaintiff to continue to be subjected to disparate treatment and discrimination in violation of 42 U.S.C. §§1981,1981(a).

63. Plaintiff contends that Defendant has a policy and pattern and practice of treating similarly situated, white employees more favorably than Black employees.

64. Plaintiff contends that Defendant applies employment policies such as anti-discrimination and discipline in a disparate manner.

65. Defendant failed to acknowledge the discriminatory treatment of Plaintiff.

66. Defendant knew or should have known that Plaintiff was being discriminated against and being treated in a manner disparate and less favorable than other similarly situated white employees by the Defendant's agents, employees and/or representatives.

67. Despite said knowledge, Defendant failed to take any remedial action.

68. By and through the conduct described above, Defendant permitted a pattern and practice of unlawful discrimination by permitting Plaintiff to be subjected to continuing disparate treatment on the basis of race in violation of 42 U.S.C. §1981.

69. Plaintiff is informed and believes and based thereon alleges, that in addition to the practices enumerated above, Defendant may have engaged in other discriminatory practices which are not yet fully known. At such time as the discriminatory practices become known, Plaintiff will seek leave of the Court to amend the Complaint in this regard.

70. Plaintiff has suffered damages as a result of Defendant's conduct, by and through its agents, employees and/or representatives.

71. As a result of Defendant's conduct, Plaintiff has suffered general and compensatory damages.

72. As a further result of Defendant's conduct, Plaintiff has retained the undersigned law firm and is obligated to pay a reasonable fee.

73. Plaintiff requests that he be awarded damages, including general, compensatory, and punitive damages and reasonable attorney's fees and costs of suit pursuant to 42 U.S.C. §§1981, 1981(a).

WHEREFORE, Plaintiff prays that judgment be entered in his favor against Defendant as follows: That Plaintiff be awarded general and compensatory damages, punitive damages, reinstatement, or front pay, back pay, that Plaintiff be awarded reasonable attorney's fees and costs pursuant to 42 U.S.C. §§1981, 1981(a); and that Plaintiff be awarded such other relief as the Court deems just and proper. Plaintiff further demands trial by jury.

## COUNT IV - RETALIATION
## IN VIOLATION OF SECTION 1981 42 U.S.C. 1981, 1981(a) & §1983

Plaintiff alleges and incorporates the preceding counts of paragraphs 1 through 29 as if fully set forth herein.

74. Defendant engaged in retaliatory behavior toward the Plaintiff such that he was deprived of his civil rights.

75. Defendant is an employer within the meaning of 42 U.S.C. §1981 and §1983.

76. Plaintiff is an Black male, subject to the protections of 42 U.S.C. §1981 and §1983.

77. Plaintiff engaged in protected activity when he complained about discriminatory comments, disparate treatment, and retaliatory actions.

78. Plaintiff has been subjected to a pattern of retaliation.

79. Specifically, Plaintiff was subject to adverse employment treatment including, but not limited to, his termination.

80. Plaintiff contends that his termination and other treatment are in retaliation for his protected activity.

81. Plaintiff has exhausted all administrative remedies prior to bringing this lawsuit.

82. By and through the conduct described above, Defendant permitted a pattern and practice of unlawful retaliation by allowing Plaintiff to continue to be subjected to retaliation in violation of 42 U.S.C. §§1981, 1981(a) and §1983.

83. Defendant knew or should have known that Plaintiff was being retaliated against in violation of 42 U.S.C. §§1981, 1981(a) and §1983.

84. Despite said knowledge, Defendant failed to take any remedial action.

85. By and through the conduct described above, Defendant permitted a pattern and practice of unlawful retaliation by permitting Plaintiff to be subjected to continuing retaliation in violation of 42 U.S.C. §1981 and §1983.

86. Plaintiff has suffered damages as a result of Defendant's conduct, by and through its agents, employees and/or representatives.

87. As a result of Defendant's conduct, Plaintiff has suffered general and compensatory damages.

88. As a further result of Defendant's conduct, Plaintiff has retained the undersigned law firm as his counsel.

89. Plaintiff requests that he be awarded reasonable attorney's fees and costs of suit pursuant to 42 U.S.C. §§1981, 1981(a) and §1983.

WHEREFORE, Plaintiff prays that judgment be entered in his favor against Defendant as follows: That Plaintiff be awarded general and compensatory damages, reinstatement, or front pay, back pay, prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs pursuant to 42 U.S.C. §§1981, 1981(a); and §1983; and that Plaintiff be awarded such other relief as the tribunal deems just and proper.

## COUNT V – DISCRIMINATION
## IN VIOLATION OF TITLE VII, 42 U.S.C. §2000e

Plaintiff alleges and incorporates the preceding counts of paragraphs 1 through 29 as if fully set forth herein.

90. Plaintiff contends that he has been discriminated against on the basis of his race.

91. Plaintiff is a Black male.

92. Plaintiff contends Defendant engaged in discriminatory conduct on the basis of his race.

93. Defendant is an employer as defined in the Title VII.

94. Defendant employs fifteen (15) or more employees for each working day as part of its daily operation.

95. Plaintiff contends that the Defendant has a policy, pattern, and practice of allowing harassing, discriminatory treatment of Blacks and individual of color.

96. During Plaintiff's employment he experienced discrimination and adverse actions due to his race including, but not limited to the following:

   a. Gibson allowing white coworkers additional support in the form of more employees to complete their loading tasks. This led to an expectation that Plaintiff be able to complete more responsibilities than his coworkers with less support.

   b. Gibson approving Plaintiff's use of paid time off, and then openly questioning his use of that time off.

   c. Gibson commenting to Plaintiff that he preferred working with white employees who were smart like him.

   d. Gibson complaining about Plaintiff attending a Baptist Church and commenting that Plaintiff is in service all day on Sundays.

      e.      Gibson terminating Plaintiff.

97. Plaintiff contends that Defendant failed to follow its policies preventing discrimination.

98. As a result of the disparate treatment and Defendant's failure to redress the environment, Plaintiff filed a Charge with the FCHR and the EEOC.

99. Defendant knew or should have known that Plaintiff was being discriminated against and being treated differently and more harshly than other similarly-situated employees by Defendant and its agents, employees and/or representatives.

100. By and through the conduct described above, Defendant permitted a pattern and practice of unlawful discrimination by permitting Plaintiff to be subjected to continuing discriminatory treatment on the basis of race in violation of the Title VII.

101. Plaintiff is informed and believes and based thereon alleges, that in addition to the practices enumerated above, Defendant may have engaged in other discriminatory practices which are not yet fully known. At such time as the discriminatory practices become known, Plaintiff will seek leave of court to amend the Complaint in this regard.

102. Plaintiff suffered disparate treatment including but not limited to termination.

103. Plaintiff has suffered damages as a result of Defendant's conduct, by and through its agents, employees and/or representatives.

104. As a result of Defendant's conduct, Plaintiff has suffered general and compensatory damages.

105. Plaintiff has suffered damages including compensatory damages for wage loss, front pay, back pay, pain and suffering, humiliation, loss of opportunities and the like, as a result of the Defendant's conduct, by and through its agents, employees and/or representatives.

106. Plaintiff further seeks statutorily provided punitive damages for the Defendant's intentional and/or reckless disregard of Plaintiff's rights under the Title VII.

107. As a further result of Defendant's conduct, Plaintiff has retained the undersigned law firm as his counsel.

108. Plaintiff requests that he be awarded reasonable attorney's fees and costs of suit pursuant to Title VII.

109. Plaintiff has exhausted all administrative remedies prior to bringing this lawsuit.

110. Plaintiff suffered injury and seeks damages for his general damages, compensatory damages, punitive damages, and prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs pursuant to the Title VII and, that Plaintiff be awarded such other relief as the Court deems just and proper.

WHEREFORE, Plaintiff prays that judgment be entered in his favor against the Defendant as follows: That Plaintiff be awarded general damages, compensatory damages, punitive damages, and prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs pursuant to the Title VII and, that Plaintiff be awarded such other relief as the Court deems just and proper

## COUNT VI – RETALIATION
## IN VIOLATION OF TITLE VII, 42 U.S.C. §2000e

Plaintiff alleges and incorporates the preceding counts of paragraphs 1 through 29 as if fully set forth herein.

111. Plaintiff engaged in protected activities in that he objected to his racially motivated treatment and complained about discrimination during his employment.

112. Plaintiff has been subjected to a pattern of retaliation.

113. Specifically, Plaintiff was subject to adverse employment treatment including, but not limited to, his termination.

114. Plaintiff contends that his termination and other treatment are in retaliation for his protected activity.

115. Plaintiff has exhausted all administrative remedies prior to bringing this lawsuit.

116. Plaintiff contends that his complaints were causally related to the disciplinary actions.

117. By and through the conduct described above, Defendant permitted a pattern and practice of unlawful retaliation in violation Title VII.

118. Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant may have engaged in other retaliatory practices against her which are not yet fully known.  At such time as such retaliatory practices become known, Plaintiff will seek leave of Court to amend this Complaint in that regard.

119. Plaintiff suffered damages as a result of Defendant's conduct, by and through its agents, employees, and/or representatives.

120. Plaintiff has suffered injuries including compensatory damages for wage loss, front pay, back pay, pain and suffering, humiliation, loss of opportunities and the like, as a result of the Defendant's conduct, by and through its agents, employees and/or representatives.

121. As a further and direct proximate result of the Defendant's violation of Title VII, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with the Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.

122. Plaintiff also seeks punitive damages for the Defendant's conduct in reckless disregard of his rights.

123. As a further direct and proximate result of the Defendant's violation as herein described, Plaintiff has been compelled to retain the services of the undersigned law firm. Plaintiff will incur and continue to incur reasonable attorney's fees and costs. Plaintiff requests that his attorney's fees be awarded pursuant to Title VII.

WHEREFORE, Plaintiff prays that judgment be entered in his favor against the Defendant, as follows: That Plaintiff be awarded general and compensatory damages, prejudgment interest, punitive damages, and injunctive relief; that Plaintiff be awarded reasonable attorney's fees and costs of suit pursuant to the Title VII; and that Plaintiff be awarded such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff further demands a trial by jury for all matters so triable.

Dated this 15th day of August 2022.

SCOTT LAW TEAM, LLC
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020

s/Gabriel T. Roberts
Gabriel "Gabe" Talan Roberts, Esq.
Florida Bar No. 1018435
Primary e-mail: GRoberts@scottlawteam.com
Secondary e-mail: mail@scottlawteam.com
Secondary Address: 101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottLawTeam.com

# EXHIBIT 1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC  FEPA | **510-2022-00212** |

**Florida Commission On Human Relations** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| Chaddrice White | (347) 786-4972 | 1979 |

Street Address
PO Box 141711
GAINESVILLE, FL 32614

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| AUTOZONE INC. | Unknown Number Of Employees | (901) 495-6500 |

Street Address
123 S. Front Street
MEMPHIS, TN 38103

| Name | No. Employees, Members | Phone No. |
|---|---|---|
|  |  |  |

Street Address    City, State and ZIP Code

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
|  | Earliest — Latest |
| Retaliation, Race, Color, Religion, Age | 05/15/2021 — 05/15/2021 |

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.  **Digitally Signed By: Chaddrice White**  02/18/2022  *Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT  SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ EEOC<br>☐ FEPA | Agency(ies) Charge No(s):<br>**510-2022-00212** |
|---|---|---|

**Florida Commission On Human Relations** and EEOC
*State or local Agency, if any*

Im a forty-two (42) year old Black Christian. I worked for the above-named employer as an outbound shipping advisor from March 2020, I was transferred to the racks outbound 10/2020, until my termination on May 14, 2021. I was subjected to a hostile work environment, discrimination, and retaliation from 10/2020 until my termination on May 14, 2021. During my employment, my Manager John Paul Gibson (White/52) subjected me to unwanted comments about being a Baptist, and his preference for working with white people thats smart like him, although Mr. Gibson is the one who hired me. I was consistently harassed by John Gibson; I was disciplined more harshly than other advisors on the account of my race by John Gibson. I suffered from adverse employment actions by Mr. Gibson. I was subjected to adverse employment actions which included: disadvantageous transfer and/or assignments, unwarranted negative job evaluations, and toleration of harassment by other advisors. Mr. Gibson wrote me up and placed me on two separate Performance Improvement Plan (PIP) for not doing things the exact way he asked within an eight-month period. Mr. Gibson would always hang out with the younger coworkers and groom them for promotions. Although, I complained to HR who found my complaint to be untrue, I was retaliated against by not being allowed time off by Mr. Gibson on May 9, 2021. Although he approved my time off request on April 19, 2021. On the same date, I sent communication to Mr. Scott Breedlove, John Gibson boss, about the incident. When I returned to work on May 14, 2021, I was pulled into John Paul Gibson office to sign a corrective action dated 12/27/2020; and he had a termination corrective action. I refused to sign. To date, no reason has been given for my termination. I believe I have been discriminated against because of my Race, Age (42), Religion, and I was subjected to retaliation in violation of the Age in Employment Discrimination Act; and Title VII of the Civil Rights Act of 1968, specifically sections 703(a)(2) 42 U.S.C. 2000e-2(a)(2) and 704(a)(b) 42 U.S.C. 2000e-3 (a)(b) which prohibits retaliation.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Chaddrice White**<br>02/18/2022<br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |